```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION
```

| | |
|---|---|
| GREGORY J. LACH, <br> CONNIE R. LACH, <br>       Plaintiffs <br><br>       v. <br><br> UNITED STATES OF AMERICA, <br> through its Department of the <br> Interior and its National Parks <br> Service, <br><br>       Defendant <br> ******************************* <br> UNITED STATES OF AMERICA, <br> through its Department of the <br> Interior and its National Parks <br> Service, <br><br>       Counter Claimant <br><br>       v. <br><br> GREGORY J. LACH, <br><br>       Counter Defendant | Case No. 2:08 cv 251 |

## OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment [DE 29] filed by the defendant and counterclaim plaintiff, the United States of America, on July 16, 2010, and the Cross Motion for Summary Judgment [DE 39] filed by the plaintiffs, Gregory J. Lach and Connie R. Lachs, on September 7, 2010. For the following reasons, the United States' Motion for Summary

Judgment [DE 29] is GRANTED, and the plaintiffs' Cross Motion for Summary Judgment [DE 39] is DENIED.

## Background

Gregory and Connie Lach own real estate commonly known as 5525 Stagecoach Road, Portage, Indiana. Connie's family leased and farmed the property from 1940 until her father, Charles Ewen, purchased it on April 29, 1994. Ewen maintained the property up to the southern edge of Stagecoach Road and, as a member of the public, accessed Stagecoach Road at various points. Ewen conveyed a parcel of the property to the Lachs on November 22, 2006, and the Lachs now seek to quiet title to the parcel of land dividing their property from Stagecoach Road.

In 1978, the National Park Service took ownership of two parcels of land to the north of and adjacent to the Lach and Ewen parcels. One of these parcels runs parallel to Stagecoach Road and separates the Lachs' property from Stagecoach Road. The deed identifies this parcel as Tract 09-102 and provides that it is subject to roads and highways. The only road located on or through this parcel is Stagecoach Road. The United States recorded the deed on January 17, 1978.

On October 2, 2005, a surveyor requested permission on behalf of the Lachs to construct a driveway across Tract 09-102 so the Lachs could access Stagecoach Road from their property.

The National Park Service denied the request because it could not grant an easement without congressional approval. However, the Lachs built a permanent driveway through Tract 09-102 and filed this action to quiet title.

## Discussion

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Stephens v. Erickson, 569 F.3d 779, 786 (7th Cir. 2009). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. Adickes v. S.H. Kress & Company, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); Stephens, 569 F.3d at 786. A fact is material if it is outcome determinative under applicable law. There must be evidence on which the jury could reasonably find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); Stephens, 569 F.3d at 786; Wheeler v. Lawson, 539 F.3d 629, 634 (7th Cir. 2008).

Summary judgment is inappropriate for determination of claims in which issues of intent, good faith, and other subjective feelings play dominant roles. Ashman v. Barrows, 438 F.3d 781, 784 (7th Cir. 2006). Upon review, the court does not evaluate the weight of the evidence, judge the credibility of witnesses, or determine the ultimate truth of the matter; rather, the court will determine whether there exists a genuine issue of triable fact. Wheeler, 539 F.3d at 634 (citing Anderson, 477 U.S. at 248, 106 S.Ct. at 2510).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> Anderson, 477 U.S. at 250, 106 S.Ct. at 2511

See also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149-151, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105, 120-122 (2000)

(setting out the standard for a directed verdict); Celotex Corp., 477 U.S. at 322-23, 106 S.Ct. at 2553; Stephens, 569 F.3d at 786; Argyropoulos v. City of Alton, 539 F.3d 724, 732 (7th Cir. 2008) (stating that a genuine issue is one on which a reasonable fact finder could find for the nonmoving party); Springer v. Durflinger, 518 F.3d 479, 483 (7th Cir. 2008)(stating that a genuine issue exists and summary judgment is inappropriate if there is sufficient evidence for a jury to return a verdict for the nonmoving party).

As a preliminary matter, the court must determine whether it retains subject matter jurisdiction over this case. The court previously addressed this issue in its May 26, 2009 Order, and determined that it retained subject matter jurisdiction over the limited issue of whether the Lachs had an easement across the United States' property. Because the Lachs' primary theory of recovery extends beyond the issue of easements, the court must re-address this argument.

The United States is immune from suit unless it unequivocally waives its immunity. Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 260, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999); United States v. Nordic Village, Inc., 503 U.S. 834, 841, 106 S.Ct. 2224, 90 L.Ed.2d 841 (1986). Title 28 U.S.C. §1346(f) waives sovereign immunity to the extent that a civil action is brought

"under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States." A quiet title action must be filed by someone claiming an interest in the title of the property. Kinscherff v. United States, 586 F.2d 159, 160 (10th Cir. 1978); Rock Island Oil & Refining Co. v. Simmons, 386 P.2d 239, 240 (N.M. 1963). Members of the public do not hold an interest in the title to public roads and cannot bring an action to quiet title under 28 U.S.C. §1346(f). See Kinscherff, 586 F.2d at 160 (finding that members of the public do not have title to public roads); Sw. Four Wheel Drive Ass'n v. Bureau of Land Mgmt., 363 F.3d 1069, 1071 (10th Cir. 2004)(finding that members of the public cannot maintain actions to quiet title to public roads); Long v. Area Manager, Bureau of Reclamation, 236 F.3d 910, 915 (8th Cir. 2001) (finding that the right of an individual to use a public road is not a right or interest in property for purposes of the Quiet Title Act).

The Lachs' primary theory of recovery rests on Stagecoach Road extending beyond the paved portion and overlapping their property line. In particular, the Lachs argue that Stagecoach Road is a public road, and pursuant to Indiana Code §8-20-1-15, it must extend 20 feet from the centerline, overlapping with their property. Although the Lachs' property abuts Stagecoach

Road, their interest in the road is one vested in the public generally. See Kinscherff, 586 F.2d at 160 (finding that the owner of land abutting a public highway does not have an interest in the highway beyond that which is invested in the public generally). Therefore, the Lachs cannot claim title to Stagecoach Road. Because a litigant must claim an interest in title to bring a suit under 28 U.S.C. §1346(f), the court lacks the authority to adjudicate this matter under this theory. See Kinscherff, 586 F.2d at 160; Long, 236 F.3d at 915 ("[T]he right of an individual to use a public road is not a right or interest in property for purposes of the Quiet Title Act").

Assuming, arguendo, that the court retains subject matter jurisdiction to adjudicate this matter under the Lachs' primary theory of recovery, their argument fails. The Lachs maintain that Stagecoach Road is a public road, and because of this Indiana law imposes a right of way easement of either 15 or 20 feet on each side of the centerline of Stagecoach Road so that Stagecoach Road overlaps with their parcel. The Lachs base their argument on their interpretation of Indiana Code §8-20-1-15, which provides that "A county highway right-of-way may not be laid out that is less than twenty (20) feet on each side of the centerline, exclusive of additional width required for cuts, fills, drainage, utilities, and public safety."

Prior to 1988, §8-20-1-15 provided that a highway could be created when a path is used as such for a period of twenty years or more. The relevant inquiry was whether the public used the road in a continuous manner for the statutory time period. Zakutansky v. Kanzler, 634 N.E.2d 75, 81 (Ind. App. 1994). The record reflects that Stagecoach Road was used by the public since the 1940s. (Aff. of Craig Hendrix pp. 2-3); (Aff. of Robert Thompson p. 2)  Therefore, when the United States obtained title to this property in 1978, Stagecoach Road had been used as a public highway for the statutory time period and was vested in the public prior to the time the statute was amended to eliminate the provision that allowed for a public highway to be formed by continuous public use for 20 years. See Zakutansky, 634 N.E.2d at 79 (finding that the amendment to §8-20-1-15 did not divest the public of the right to use a public highway formed prior to the amendment).

Although Stagecoach Road is a public highway, §8-20-1-15 as amended does not establish the bounds of a roadway that was formed by continuous public use. Rather, the amended §8-20-1-15 provides the procedure the county must follow to establish a public highway. The width of a public road established by continuous public use is either determined by the plain language of the deed to the private property the road encumbers or by the

width of the roadway as it was used by the public. Zakutansky, 634 N.E.2d at 79 (holding that the width of the road was equal to the width specifically stated in the deed to the encumbered property); Cozy Home Realty Co. v. Ralston, 14 N.E.2d 917, 918 (Ind. 1938) ("[H]ighways used as such for 20 years shall continue as located and as of their original width"); Hart v. The Trustees of Bloomfield Township, 15 Ind. 226 (1860)("[i]t was a public highway under the statute, and its width at the end of twenty years was its established width."). The United States' deed does not specifically provide the width of Stagecoach Road on its face. Although the deed states that it is subject to roads and highways located on the property, the City of Portage did not take responsibility for Stagecoach Road until some time between 1980 and 1984, and did not record it in the city registry until 2003. The United States' deed could not refer to a registry entry that did not exist at the time it was prepared. Therefore, the width of Stagecoach Road is not stated in the plain terms of the deed or indicated by reference.

For the reasons set forth above, the width of Stagecoach Road must be determined by its use during the 20 year statutory period that established Stagecoach Road as a public highway. It is clear that Stagecoach Road was used continuously by the public to the extent that it is paved. Hendrix's affidavit provides

9

that the City of Portage took responsibility for the road between 1980 and 1984, and in addition to the paved portion of Stagecoach Road, the city maintained the berm up to the Lachs' property line.  Section 8-20-1-15 was amended in 1988 and eliminated the provision that recognized a public highway after 20 years of continuous public use.  Because Portage did not begin to maintain the berm of Stagecoach Road until some time between 1980 and 1984, it did not satisfy the statutory requirement of maintaining the area up to the Lachs' property line for 20 years preceding the statute's amendment.  The record is devoid of any other evidence that shows that the public used the area from the paved portion of Stagecoach Road to the Lachs' property line continuously for 20 years preceding the amendment to §8-20-1-15.

Furthermore, the width of Stagecoach Road should be determined according to the unamended statute that provided for its formation.  The unamended statute provides that "[a]ll county highways heretofore laid out according to law, or used as such for twenty (20) years or more, shall continue as originally located and as of their original width, respectively, until changed according to law."  I.C. §8-20-1-15 (West 1976) (emphasis added).  The county has not taken formal steps to change the width of Stagecoach Road from that which was established by continuous public use.  For these reasons, Stagecoach Road does

not extend beyond the paved portion of the highway and does not abut the Lachs' property so that they may make reasonable use of the highway.

Although the court lacks subject matter jurisdiction to adjudicate this matter on the Lachs' primary theory of recovery, the court retains subject matter jurisdiction to determine whether the Lachs have an easement over the United States' property.[1] See Kinscherff, 586 F.2d at 161 (finding that easements are property interests that are subject to actions to quiet title). An easement can be created through another's property by grant, prescription, or implied use; Brown v. Heidersbach, 360 N.E.2d 614, 618 (Ind. App. 1977); Pardue v. Smith, 875 N.E.2d 285, 291 (Ind. App. 2007). The parties agree that neither the United States or its predecessors in interest granted the Lachs an easement over Tract 09-102.

An easement by prescription is created when the parties use the property in an "actual, hostile, open, notorious, continuous, uninterrupted" manner for a period of 20 years. Wilfong v. Cessna Corp., 838 N.E.2d 403, 405 (Ind. 2005). To establish an easement by prescription, the claimant must have used and had control over the land in some defined way, without interruption or substantial change, for the statutory period. Stringham v.

---

[1] In denying the United States' Motion to Dismiss, the court limited the issues to the Lachs' claim for an easement over the United States' property.

Chicago, I.& L. Ry. Co., 141 N.E. 247, 248 (Ind. App. 1923); Wilfong, 838 N.E.2d at 406 (finding that a claimant of a prescriptive easement "must establish clear and convincing proof of (1) control, (2) intent, (3) notice, and (4) duration"). An easement by prescription is more limited than adverse possession in that the claimant's use of the land must have been for a specific purpose. Hoose v. Doody, 886 N.E.2d 83, 94 (Ind. App. 2008).

The Lachs did not have the requisite control over the area where their driveway is located to warrant the finding of a prescriptive easement against the United States' predecessors in interest to the property.[2] The Lachs' and Ewen's prior use of Tract 09-102 was limited to farming and accessing Stagecoach Road at various points along their 35.17 acre parcel. There is no evidence that either the Lachs or their predecessors used the specific area that is now the Lachs' driveway continuously for the defined purpose of accessing Stagecoach Road. See Michel v. United States, 65 F.3d 130, 131 (9th Cir. 1995)(finding an easement because the land owner had a historic right of access, including vehicular access, for any lawful purpose over specific

---

[2] A claimant cannot obtain an easement by prescription against the United States. Randall v. Bd. of Comm'rs of Tippecanoe County, 131 N.E. 776, 779 (Ind. App. 1921); Verrill v. School City of Hobart, 52 N.E.2d 619, 620 (Ind. 1944). Therefore, the Lachs must demonstrate that the easement was established while Inland Steel owned the parcels.

12

roads and trails in the government's refuge lands). Intermittent use of the land for various purposes is insufficient to put the other party on notice of the claimant's intent to exert control over the specific area for purposes of accessing the road and does not meet the specific purpose requirement necessary to establish a prescriptive easement. See Hoose, 886 N.E.2d at 94. Even if the Lachs and their predecessors consistently farmed the area for the statutory period, placing a driveway over the tract increases the burden on the United States' property and exceeds the scope of their prior use. See Drees Co., Inc. v. Thompson, 868 N.E.2d 32, 41 (Ind. App. 2007)("The owner of the dominant estate cannot subject the servient estate to extra burdens"); Tomkins v. Village of Tinley Park, 651 F.Supp. 50, 54 (N.D. Ill. 1986)(stating that the owner of a property can prevent the burden of an easement from being increased). Therefore, the Lachs' use of the property during the statutory period was not specific enough in purpose to create a prescriptive easement for the driveway.

An implied easement can arise from necessity or prior use. Pardue, 875 N.E.2d at 291. An implied easement of necessity only arises in cases where the property owner would be denied access to a public road if an easement was not implied. Pardue, 875 N.E.2d at 291; Hysel v. Kimmel, 834 N.E.2d 1111, 1114 (Ind. App.

2005). Because the Lachs have access to Stagecoach Road through the Ewen property, the Lachs cannot claim an implied easement by necessity. Furthermore, an easement of necessity and an easement by prior use only will be implied "where, during the unity of title, an owner imposes an apparently permanent and obvious servitude on one part of the land in favor of another part and the servitude is in use when the parts are severed." Hysel, 834 N.E.2d at 1114 (the plaintiff must establish that "(1) there was common ownership at the time the estate was severed; (2) the common owner's use of part of his land to benefit another was apparent and continuous; (3) the land was transferred; and (4) at severance it was necessary to continue the preexisting use for the benefit of the dominant estate."). There never was unity of ownership between the Lachs' property and the United States' Tract 09-102, therefore neither an easement of prior use or necessity can be implied.

Because the court limited the issue to determining whether the Lachs had an easement over the United States' property, and their prior use of the land did not give rise to an easement for the purpose of accessing Stagecoach Road, the Motion for Summary Judgment [DE 29] filed by the United States on July 16, 2010, is GRANTED, and the Cross Motion for Summary Judgment [DE 39] filed by the plaintiffs on September 7, 2010, is DENIED.

ENTERED this 2nd day of December, 2010

                              s/ Andrew P. Rodovich
                                United States Magistrate Judge