UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

GREGORY J. LACH,              )
CONNIE R. LACH,               )
                              )
        Plaintiffs            )
                              )
        v.                    )   Case No. 2:08 cv 251
                              )
UNITED STATES OF AMERICA,     )
through its Department of the )
Interior and its National Parks )
Service,                      )
                              )
        Defendant             )
*******************************)
UNITED STATES OF AMERICA,     )
through its Department of the )
Interior and its National Parks )
Service,                      )
                              )
        Counter Claimant      )
                              )
        v.                    )
                              )
GREGORY J. LACH,              )
                              )
        Counter Defendant     )

OPINION AND ORDER

    This matter is before the court on the Motion for Summary

Judgment [DE 57] filed by the United States of America on Septem-

ber 15, 2011; the Motion to Strike Counter-Plaintiff United

States of America's Motion for Summary Judgment [DE 61] filed by

the Lachs on October 4, 2011; the Motion for Summary Judgment [DE

62] filed by the Lachs on October 4, 2011; and the Motion for

Oral Argument on Pending Motions for Summary Judgment [DE 66]

filed by the Lachs on October 12, 2011.  For the following

reasons, the Motion for Summary Judgment [DE 57] is **GRANTED**, the

Motion to Strike Counter-Plaintiff United States of America's Motion for Summary Judgment [DE 61] is **DENIED**, the Motion for Summary Judgment [DE 62] is **DENIED**, and the Motion for Oral Argument on Pending Motions for Summary Judgment [DE 66] is **DENIED**.

## Background

Gregory and Connie Lach own a parcel of real property commonly known as 5525 Stagecoach Road, Portage, Indiana. In 1978, the National Park Service took ownership of two parcels of land to the north of and adjacent to the Lach parcel. One of these parcels runs parallel to Stagecoach Road and separates the Lach's property from Stagecoach Road. The deed identifies this parcel as Tract 09-102 and provides that it is subject to roads and highways. The only road located on or through this parcel is Stagecoach Road. The United States recorded the deed on January 17, 1978.

On October 2, 2005, a surveyor requested permission on behalf of the Lachs to construct a driveway across Tract 09-102 so the Lachs could access Stagecoach Road from their property. The National Park Service denied the request because it could not grant an easement without congressional approval. However, the Lachs built a permanent driveway through Tract 09-102 and filed an action to quiet title.

On July 16, 2010, the United States filed a motion for par-
tial summary judgment on the issues raised in the Lachs' com-
plaint.  The Lachs filed a cross-motion for summary judgment,
seeking declaration that they had a valid easement over the
parcel. The Lachs' primary theory of recovery was that, pursuant
to Indiana law, Stagecoach Road overlapped the Lachs' property.

The court issued its Opinion and Order on December 2, 2010,
granting the United States' motion for partial summary judgment
and denying the Lachs' motion for summary judgment.  In the
Opinion, the court determined that it lacked authority to adjudi-
cate the Lachs' claim that Stagecoach Road overlapped its prop-
erty because the United States did not unequivocally waive its
immunity.  The court went on to explain that, assuming it had
jurisdiction, the Lachs' argument lacked merit. Stagecoach Road
did not overlap the Lachs' property.  The court also held that
the Lachs had not used the parcel in such a manner to create a
prescribed or implied easement.  Finding that the Lachs did not
have a right to use the parcel either by overlap of Stagecoach
Road with their property or by easement, the court granted
summary judgment in favor of the United States.  The only claim
that remains pending is the United States' counterclaim against
Gregory Lach for trespass and damages arising from cutting trees
and destroying the natural habitat of the National Park.  The

United States proposes to dismiss its claim for monetary damages against Gregory Lach if the Lachs agree to remove the driveway from the strip of land the United States owns that separates the Lachs' property from Stagecoach Road. The Lachs oppose this remedy, arguing that the issue over the easement has not been decided and that the real parties in interest were not appropriately joined.

## Discussion

As an initial matter, the Lachs filed a successive motion for summary judgment, asking the court to find that they properly built their driveway to access Stagecoach Road at its existing location across the United States' property. The Lachs previously presented this argument in their original motion for summary judgment and motion to reconsider. In the December 2, 2010 Opinion and Order, the court found the Lachs' argument insufficient and determined that the Lachs did not have an easement over the tract of property separating their property from Stagecoach Road and could not assert the public's interest in the title to the tract of land separating its property from Stagecoach Road. The court reaffirmed this ruling in the Opinion and Order denying the Lachs' motion to reconsider.

It is within the court's discretion to consider a successive motion for summary judgment. ***Whitford v. Boglino***, 63 F.3d 527,

530 (7th Cir. 1995).  Especially good reasons for permitting a
successive summary judgment motion include "(1) an intervening
change in controlling law; (2) the availability of new evidence
or an expanded factual record; and (3) need to correct a clear
error or prevent manifest injustice."  **Whitford**, 63 F.3d at 530.
Avoiding an unnecessary trial also may constitute good cause for
considering a successive motion for summary judgment.  **Kim v.
Conagra Foods, Inc.**, 2003 WL 22669035, *2 (N.D. Ill. 2003).

The Lachs have not shown any of these scenarios to be true.
Instead, they presented the same litany that the court twice has
denied.  The court previously determined that the Lachs do not
have an easement over the property and cannot claim an interest
that belongs to the public.  The Lachs have presented no reason
for failing to present all theories of interest in the tract
within their initial motion for summary judgment, and this fail-
ure constitutes a waiver of further argument on the issue.  *See*
**Wright v. United States,** 139 F.3d 551, 553 (7th Cir. 1998) (ex-
plaining that argument not waived in initial brief is considered
waived).  The Lachs have not shown that the law has changed, that
more evidence was produced, or that the motion was necessary to
correct a manifest injustice.  The Lachs are not entitled to
continue filing motions with slightly modified theories, hoping
that the court accepts one.  The court was clear in declining to

find that the Lachs have an interest in the property. Therefore, the court, in its discretion, declines to consider the Lachs' successive motion for summary judgment and maintains that the Lachs do not have an interest in the property.

The Lachs also move to strike the United States' motion as untimely. The deadline for dipositive motions was August 31, 2011, and the United States did not file its motion for summary judgment on the counterclaim until September 15, 2011, and did not seek leave of court. In the interest of judicial economy and in an effort to resolve this matter without trial, the court, in its discretion, will consider the United States' motion on the merits. The remainder of the issues raised in the Lachs' motion to strike are more appropriately addressed as a response to the United States' motion for summary judgment. For this reason, the court **DENIES** the Lachs' Motion to Strike [DE 61] and will consider the additional arguments in response to the United States' Motion for Summary Judgment.

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Stephens v. Erickson,* 569 F.3d 779, 786 (7th Cir. 2009).

The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. ***Adickes v. S.H. Kress & Company***, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); ***Stephens***, 569 F.3d at 786. A fact is material if it is outcome determinative under applicable law. There must be evidence on which the jury reasonably could find for the nonmoving party. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); ***Stephens***, 569 F.3d at 786; ***Wheeler v. Lawson***, 539 F.3d 629, 634 (7th Cir. 2008).

Summary judgment is inappropriate for determination of claims in which issues of intent, good faith, and other subjective feelings play dominant roles. ***Ashman v. Barrows,*** 438 F.3d 781, 784 (7th Cir. 2006). Upon review, the court does not evaluate the weight of the evidence, judge the credibility of witnesses, or determine the ultimate truth of the matter; rather, the court will determine whether there exists a genuine issue of triable fact. ***Wheeler***, 539 F.3d at 634 (*citing* ***Anderson***, 477 U.S. at 248, 106 S.Ct. at 2510).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party

opposed to the summary judgment is such that a reasonable jury

might find in favor of that party after a trial.

> The inquiry performed is the threshold in-
> quiry of determining whether there is the
> need for a trial--whether, in other words,
> there are any genuine factual issues that
> properly can be resolved only by a finder of
> fact because they may reasonably be resolved
> in favor of either party.
>
> [T]his standard mirrors the standard for a
> directed verdict under Federal Rule of Civil
> Procedure 50(a), which is that the trial
> judge must direct a verdict if, under the
> governing law, there can be but one reason-
> able conclusion as to the verdict.
>
> *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511

*See also* *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133,

149-151, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105, 120-122 (2000)

(setting out the standard for a directed verdict); *Celotex Corp.*,

477 U.S. at 322-23, 106 S.Ct. at 2553; *Stephens,* 569 F.3d at 786;

*Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008)

(stating that a genuine issue is one on which a reasonable fact

finder could find for the nonmoving party); *Springer v. Durfling-*

*er,* 518 F.3d 479, 483 (7th Cir. 2008)(stating that a genuine

issue exists and summary judgment is inappropriate if there is

sufficient evidence for a jury to return a verdict for the

nonmoving party).

The United States proposes to dismiss its counterclaim for

damages arising from destruction to the natural habitat to the

National Park if the Lachs agree to remove the driveway from the parcel of land owned by the United States separating the Lachs' property from Stagecoach Road. The Lachs oppose that offer, arguing that the issue of ownership and right to use the tract of land remains at issue and that the United States has not joined the proper parties to recover the relief it seeks.

The Lachs first argue that the court has not determined whether Stagecoach Road overlaps the Lachs' north property line at the location of their driveway or whether the Lachs' driveway would constitute a trespass. The Lachs take the position that the court did not have subject matter jurisdiction over the issue of whether Stagecoach Road overlapped the Lachs' property, and because the court lacked subject matter jurisdiction, it could not have decided the issue of whether the properties overlapped, providing the Lachs with access to the road.

In the December 2, 2010 Opinion and Order, the court explained that the United States is immune from suit unless it unequivocally waives its immunity. ***Dep't of Army v. Blue Fox, Inc.***, 525 U.S. 255, 260, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999); ***United States v. Nordic Village, Inc.***, 503 U.S. 834, 841, 106 S.Ct. 2224, 90 L.Ed.2d 841 (1986). Title 28 U.S.C. §1346(f) waives the United States' immunity to the extent that a civil action is brought "under section 2409a to quiet title to an

estate or interest in real property in which an interest is claimed by the United States."  A quiet title action must be filed by someone claiming an interest in the title of the property.  *Kinscherff v. United States*, 586 F.2d 159, 160 (10th Cir. 1978); *Rock Island Oil & Refining Co. v. Simmons*, 386 P.2d 239, 240 (N.M. 1963).  Members of the public do not hold an interest in the title to public roads and cannot bring an action to quiet title to such under 28 U.S.C. §1346(f).  *See Kinscherff*, 586 F.2d at 160 (finding that members of the public do not have title to public roads); *Sw. Four Wheel Drive Ass'n v. Bureau of Land Mgmt.*, 363 F.3d 1069, 1071 (10th Cir. 2004)(finding that members of the public cannot maintain actions to quiet title to public roads); *Long v. Area Manager, Bureau of Reclamation*, 236 F.3d 910, 915 (8th Cir. 2001)(finding that the right of an individual to use a public road is not a right or interest in property for the purpose of the Quiet Title Act).

The court's opinion more accurately concluded that the United States has not waived its immunity from suit.  The court first determined that the Lachs were asserting the interest of the public in the tract of land separating Stagecoach Road from their property and that private individuals cannot raise the public's interest in property to quiet title.  The court explicitly stated that "[m]embers of the public do not hold an interest

in the title to public roads" and that the Lachs' interest is one that is vested in the public generally. (Opinion and Order p. 6) "[T]he Lachs cannot claim title to Stagecoach Road." (Opinion and Order p. 7) Because the Lachs cannot personally hold an interest in public property, the Lachs do not have a valid easement or interest in Tract 09-102 under this theory, and they cannot maintain their driveway under this theory.

Next, the Lachs argue that the City of Portage, Indiana, has an easement across the United States' property and that the driveway does not constitute trespass because Portage authorized construction. Again, the Lachs are not the proper party to assert the City of Portage's interest and cannot show that they have an interest in the property by asserting Portage's right. However, the Lachs may avoid summary judgment entered in favor of the United States on its counterclaim for trespass by showing that a genuine issue of material fact remains in question concerning who has control of the property.[1]

To state a claim for trespass, the Restatement (Second) of Torts §165, (1965) provides:

---

[1] At this stage, the court is not determining whether the Lachs or public have an interest in Stagecoach Road under the theory that the road extends to the Lachs' property line. Rather, the court is considering whether a question of fact remains concerning whether someone other than the United States has an interest in Tract 09-102. Therefore, the issue of immunity is irrelevant to the discussion.

> One who recklessly or negligently, or as a
> result of an abnormally dangerous activity,
> enters land in the possession of another or
> causes a thing or third person so to enter is
> subject to liability to the possessor if, but
> only if, his presence or the presence of the
> thing or the third person upon the land
> causes harm to the land, to the possessor, or
> a thing or a third person in whose security
> the possessor has a legally protected inter-
> est.

The United States has established that it has a legally protected interest because it holds title to the property and has a right to control its property and territories. *See* U.S. Const. Art. IV, §3, cl. 2. The burden then shifts to the Lachs to show that a genuine issue of fact remains concerning ownership and control of the specific tract at issue. The Lachs argue that a material issue of fact remains in dispute because the United States' title states that it is subject to the roads and highways on the property. At the time the United States obtained the parcel, the only road transgressing the property was Stagecoach Road. Pursuant to the active law, the road was limited to that which was in continuous use by the public. In 1988, after the United States obtained the property, Indiana enacted a law expanding the width of public roads to 20 feet beyond the portion used. *See* Indiana Code §8-20-1-15. The Property Clause grants the United States absolute control over its territory. U.S. Const. Art. IV, §3, cl. 2. Therefore, the state cannot unilater-

ally take property away from the United States or expand its easement without congressional approval.  The Lachs have not provided any substantive legal argument to show that the State of Indiana could expand its easement without consent of the United States or evidence to show that the United States consented. For this reason, the Lachs have not presented a viable theory to show that a genuine issue of fact remains concerning ownership of the tract.  Rather, the record reflects that the United States owns and controls the parcel.

In a final attempt to avoid judgment, the Lachs argue that they cannot be compelled to remove their driveway because the United States has not joined the necessary parties, namely, Connie Lach and the City of Portage.  The United States' counter-claim only names Gregory Lach and seeks damages for trespass and for the destruction to the trees and wildlife he destroyed when constructing the driveway across the United States' property. The United States proposes to dismiss its claim for monetary damages for destruction of property if the Lachs agree to remove the driveway.

The court generally refrains from issuing injunctive relief when there is an adequate remedy at law.  *Frohwerk v. Buss,* 2011 WL 1657751, *1 (N.D. Ind. May 2, 2011); *Crue v. Aiken*, 137 F.Supp.2d 1076, 1083 (C.D. Ill. 2001).  When ruling on a request

for injunctive relief, the court will consider whether the plain-
tiff has adequate remedies at law, whether the plaintiff will
suffer irreparable harm if the injunction is not issued, if the
threatened injury outweighs the threatened harm, and the public
interest. 16 Ind. Law Encyc. Injunction §9. The court has
recognized that injunctive relief is an appropriate remedy when
there is a permanent trespass. *See Harris v. Krekler,* 46 N.E.2d
267, 269 (Ind. App. 1943); *Evans v. Shephard,* 142 N.E. 730, 732
(Ind. App. 1924) ("If the acts of appellants as above set out
constitute continuous trespass upon appellee's rights, it is well
settled that she is entitled to injunctive relief."); *Fisher v.
Carey*, 119 N.E. 376, 377 (Ind. App. 1918) ("A threatened distur-
bance to an owner's right of possession has been held to autho-
rize injunctive relief.").

Although injunctive relief may be an appropriate remedy, the
parties' dispute arises over whether the court can enforce this
remedy because Connie Lach has not been joined as a party to the
United States' counterclaim. The court cannot issue an order
compelling Connie to perform or refrain from performing an act
because she was not joined as a party. *See National Spiritual
Assembly of Baha'is of U.S. v. National Spiritual Assembly of the
Baha'is of the United States*, 547 F.Supp.2d 879, 890 (N.D. Ill.
2008) (*citing Alemite Mfg. Corp. v. Staff*, 42 F.2d 832 (2nd Cir.

14

1930)) ("no court can make a decree which will bind any one but a party; a court of equity is as much so limited as a court of law; it cannot lawfully enjoin the world at large, no matter how broadly it words its decree."). However, issuing an injunction would be an appropriate remedy against Gregory, who committed a trespass by constructing the driveway and was named as a party to the lawsuit. The Lachs have not demonstrated how imposing this remedy against Gregory would impair Connie's interest in any manner. The court has already determined that Connie does not hold an interest in the property by title or easement. Her interest is limited to the same extent as Gregory's, and her continuous use constitutes a trespass. The court sees no reason to reject the United States' request for a permanent injunction because Gregory has committed a trespass and Connie has no interest in the property that would be impaired by ordering removal.

Finally, the Lachs argue that the City of Portage must be joined. However, the Lachs have not shown that Portage has or is claiming an interest in the property. True, the City of Portage issued the Lachs a building permit to construct the driveway, but the record reflects that the Lachs represented to Portage that they had obtained an easement over the United States' property. There is nothing of record to suggest that Portage believed it had a right to control the property and issue an easement without

the United States' consent.  Moreover, as explained above,
Portage could not have unilaterally increased the width of its
easement without the United States' consent.

_____

Based on the foregoing reasons, the Motion for Summary
Judgment [DE 57] filed by the United States on September 15,
2011, is **GRANTED**, the Motion to Strike Counter-Plaintiff United
States of America's Motion for Summary Judgment [DE 61] filed by
the Lachs on October 4, 2011, is **DENIED**, the Motion for Summary
Judgment [DE 62] filed by the Lachs on October 4, 2011, is
**DENIED,** and the Motion for Oral Argument on Pending Motions for
Summary Judgment [DE 66] filed by the Lachs on October 12, 2011,
is **DENIED.**

ENTERED this 6th day of April, 2012


                              s/ ANDREW P. RODOVICH
                                 United States Magistrate Judge